IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JUAN P. GUERRERO**                                                                   **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO.  1:07-cv-1043-LG-JMR**

**STEVE GARBER, et al.**                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983.  On November 9, 2007, an order [11] was entered directing the Plaintiff to file a written response, within twenty days.  The Plaintiff was warned in this Court's order of November 9, 2007, that failure to timely comply with the requirements of the order may lead to the dismissal of his case.  The Plaintiff did not file his written response, thereby failing to comply with the Court's order.

On January 2, 2008, an order [12] was entered directing Plaintiff, within fifteen days, to show cause why this case should not be dismissed for his failure to comply with the Court's November 9, 2007, order.  In addition, Plaintiff was directed to comply with the order by filing his written response, within fifteen days.  The Plaintiff was warned in this Court's order of January 2, 2008, that failure to timely comply with the requirements of the order may lead to the dismissal of his case, without further notice.

Plaintiff has failed to comply with two Court orders.  It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute

under FED. R. CIV. P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a " sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not contacted this Court since November 8, 2007. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED. R. CIV. P. 41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 18th day of March, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE